# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGELA L. TENHOLDER and
RANDY C. TENHOLDER,

    Debtor-Appellants,

vs.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

    Claimant-Appellee.

**Case No. 17-cv-1310-DRH**
*Advisory Case No. 17-3021-WVA*
*Bankruptcy Case No. 15-32093-LKG*

## MEMORANDUM & ORDER

**HERNDON, District Judge**:

### I. Introduction

This is an appeal from the bankruptcy court's November 20, 2017 Order granting summary judgment in favor of Plaintiff United States of America, Internal Revenue Service (hereinafter "IRS") and against Angela L. Tenholder and Randy C. Tenholder (hereinafter "Debtors-Appellants") on the parties' cross-motions for summary judgment. The bankruptcy court determined in its November 20 Order that the Debtors-Appellants' federal income tax liability for 2011 falls within the three-year statutory lookback window and is thus non-dischargeable under 11 U.S.C. § 523(a)(1)(A). In reaching its decision, the bankruptcy court reasoned that the IRS' collection of a tax by levy is tolled during the pendency of a collection due process hearing and thus the three-year statutory lookback applies to Debtors-

Appellants' 2011 federal income tax liability. For the reasons set forth below, the Court **AFFIRMS** the bankruptcy court's Order.

## II. Background

On December 30, 2015, the Debtors-Appellants filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). On March 15, 2017, the bankruptcy court entered a final decree and the underlying bankruptcy case under Case No. 15-32093-LKG was closed. On April 28, 2017, the bankruptcy case was reopened solely for the purpose of commencing an adversary proceeding against the IRS to determine the dischargeability of the Debtors-Appellants' certain tax debts and on May 4, 2017 the Debtors-Appellants filed their advisory complaint against the IRS. (Adv. Case, Doc. 1).[1] On May 30, the IRS filed its answer. (Adv. Case, Doc. 4).

Thereafter, on July 7, 2017 the IRS filed a motion for summary judgment (Adv. Case, Doc. 9) arguing that the "flush paragraph"[2] found at the end of 11 U.S.C. § 507(a)(8) applies to a collection due process (hereinafter "CDP") hearing request and thus tolls the three-year lookback period.[3] (Adv. Case, Doc. 9). The unnumbered paragraph containing the flush language provides that:

> An otherwise applicable time period specified in this paragraph shall be suspended for any period during which <u>a governmental unit is</u>

---

[1] The designation of "Adv. Case" refers to documents related to Advisory Case No. 17-3021-WVA.
[2] The paragraph is referred to in the cited cases as the "unnumbered paragraph," the "flush paragraph," the "suspension paragraph," and the "hanging paragraph." The Court will use "flush language."
[3] Relevant dates in this case: (1) December 30, 2015 – Bankruptcy Case No. 15-32093 filed; (2) December 30, 2012 – the statutory three-year lookback deadline for dischargeability of Debtors-Creditors tax obligations; (3) October 15, 2012 – Debtors-Creditors' 2011 income tax return was due; (4) March 8, 2012 – the three-year lookback deadline that the IRS argues should apply under § 507(a)(8)'s flush language.

> prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection taken or proposed against the debtor, plus 90 days.

11 U.S.C. § 507(a)(8) (emphasis added). (Adv. Case, Doc. 9).

Applying the above language to the present case, the IRS argues that the three-year lookback period tolled once the Debtors-Appellants filed with the IRS a CDP hearing request on July 22, 2013 and the CDP matter remained pending until February 14, 2014 for a total of 207 days. The flush language of § 507(a)(8) adds another 90 days to the tolling period for a period of 297 days. The IRS argues that under § 507(a)(8) this 297 days must be excluded from the three-year lookback period which then extends the period from December 30, 2012 back to March 8, 2012. Thus, the Debtors-Appellants' 2011 income tax return due on October 15, 2012 is within the extended lookback period making it non-dischargeable under § 523(a)(1)(A).

Thereafter, on August 15, 2017, Debtors-Appellants filed a cross-motion for summary judgment (Adv. Case, Doc. 16) arguing in their memorandum (Adv. Case, Doc. 17) that § 507(a)(8)'s flush language unambiguously states that the three-year lookback period is suspended only for that period which a governmental unit is prohibited from collecting a tax. Debtors-Appellants further contend that § 507(a)(8)'s tolling provision does not apply in the present case because, during the pendency of Debtor-Appellants' CDP matter, the IRS was not completely prohibited from collecting tax obligations. Rather, the IRS temporarily relinquished its ability throughout the 207-day CDP period to levy upon Debtors-

Appellants' property, however, other collection methods such as collection by offset and the initiation of a judicial proceeding were still permissible. More specifically, the Debtors-Appellants argue that the plain meaning of "prohibited from collecting a tax" means that § 507(a)(8)'s tolling of the three-year lookback period only applies when the IRS is prohibited from *all* collection activity, not just a prohibition from levying. Thus, the three-year lookback period should not be tolled during the pendency of a CDP matter because the IRS is not prohibited under 26 U.S.C. § 6330[4] from all collection activity. Therefore, the Debtors-Appellants' 2011 income tax return due on October 15, 2012 is not within the lookback period making it dischargeable under § 523(a)(1)(A).

Thereafter, on November 20, 2017, the bankruptcy court entered its Order granting summary judgment in favor of the IRS and against the Debtors-Appellants on the parties' cross-motions for summary judgment. The bankruptcy court determined that the Debtors-Appellants' federal income tax liability for 2011 falls within the three-year statutory lookback window and is thus non-dischargeable under § 523(a)(1)(A).

### III. Applicable Law

1. **Dual Standard**

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. District courts apply a dual

---

[4] The "non-bankruptcy law" referenced in § 507(a)(8) can be found in § 6330 of the Internal Revenue Code, 26 U.S.C. § 6330, and Internal Revenue Regulation 301.6330-1, 26 C.F.R. § 301-6330-1. Section 6330 of the Internal Revenue Code and regulation prohibit a levy to collect a tax if a taxpayer has requested a CDP.

standard of review in bankruptcy appeals. The bankruptcy judge's findings of fact are reviewed for clear error, while conclusions of law are reviewed *de novo*. *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 776 (7th Cir. 2013); *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011); *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009) *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The Court reviews mixed questions of fact and law *de novo*. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

2. **Summary Judgment Standard**

Summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits and/or information obtained via discovery – the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Bunn v. Khoury Enterpr. Inc.*, 753 F.3d 676 (7th Cir. 2014).

In assessing a summary judgment motion, the district court normally views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011); *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

### IV. Analysis

In this case, Debtors-Appellants present one issue as the basis for their appeal of the bankruptcy court's Order concerning the IRS' motion for summary judgment and the Debtors-Appellants' cross motion for summary judgment: whether the bankruptcy court erred in granting summary judgment in favor of the IRS on the basis that as a matter of law the Debtors-Appellants' 2011 income tax is non-dischargeable because the IRS' inability to collect the tax by levy during the pendency of the CDP hearing was sufficient to toll the three-year lookback period of § 507(a)(8).

**The bankruptcy court did not err when determining Debtors-Appellants' 2011 federal income tax is non-dischargeable.**

Debtors-Appellants argue that the bankruptcy court committed reversible error by granting summary judgment for the IRS on the basis that Debtors-Appellants' 2011 federal income tax is non-dischargeable. Specifically, Debtors-Appellants argue that the bankruptcy court erred by relying on the holdings in *Console* v. *C.I.R.,* 291 Fed. Appx. 234 (11th Cir. 2008) and *In re Lastra,* No. 12-1188, 2012 WL 6681739 (Bankr. D.N.M. Dec. 21, 2012). The IRS argues that the bankruptcy court correctly granted summary judgment in its favor because the IRS is entitled to judgment as a matter of law regarding the dischargeablility of the Debtors-Appellants' federal income tax liability for 2011.

A determination of the sole issue on appeal involves the interaction of several sections of the Bankruptcy Code, 6330(e) of the Internal Revenue Code and Internal Revenue Regulation 301.6330-1, as well as an application of the flush language found in § 507(a)(8) of the Bankruptcy Code.

Section 523(a)(1)(A) of the Bankruptcy Code, excepts from discharge a tax "of the kind and for the periods specified in . . . § 507(a)(8) . . . ." Section 507(a)(8) references a tax for which a return is last due after three years before the date of the filing of a bankruptcy petition. At the end of § 507(a)(8), there is an unnumbered paragraph that contains flush language which tolls the three-year lookback period for any period which "a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection taken or proposed against the debtor, plus 90 days." *Id.*

The "non-bankruptcy law" referenced in § 507(a)(8) can be found in § 6330 of the Internal Revenue Code, 26 U.S.C. § 6330, and Internal Revenue Regulation 301.6330-1, 26 C.F.R. § 301-6330-1. Section 6330 of the Internal Revenue Code and regulation prohibit a levy to collect a tax if a taxpayer has requested a CDP. *Id.*

In *Console v. C.I.R*, a debtor requested a CDP hearing. 291 F. App'x 234, 238 (11th Cir. 2008). Under § 6330(e), a CDP hearing request prohibits the IRS from collecting tax by levy from the time the request is filed until the CDP matter is resolved. 26 U.S.C. § 6330. The Eleventh Circuit held that:

> A CDP hearing request prohibits the IRS from collecting tax by levy from the time the request is filed until appeals from the hearing are resolved, 26 U.S.C. § 6330(e), and is therefore a tolling event under 11 U.S.C. § 507(a)(8)'s flush paragraph. Thus, the three year period of 11 U.S.C. § 507(a)(8)(A)(i) has been suspended since February 14, 2005. And because February 14, 2005 is less than three years after Console's 2001 return was due, Console's 2001 tax liability is non-dischargeable under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8).

*Console*, 291 F. App'x at 238.

In *In re Abir*, a debtor requested a CDP hearing. No. 08-70566-478, 2010 WL 421124, at *5 (Bankr. E.D.N.Y. Feb. 1, 2010). The bankruptcy court held that the CDP period of 790 days for tax years 2000-03 tolled the three-year lookback period making the debtors' tax liabilities for those years nondischargeable. *Id.* at *1-3.

Similarly, in *In re Lastra*, a debtor again requested a CDP hearing. No. 7-12-10560 TA, 2012 WL 6681739, at *3 (Bankr. D.N.M. Dec. 21, 2012). When determining whether the debtor's CDP hearing tolled the three-year lookback

period, the bankruptcy court found that § 507(a)(8)'s flush language is ambiguous by stating:

> The hanging paragraph does not make clear whether Defendant must be prohibited from *all* collection activities, or just *some* collection activities, before the three-year lookback period is tolled. When a statutory term is ambiguous, the Court should examine the legislative history to determine and give effect to Congress's intent. *Branson School Dist. RE–82 v. Romer,* 161 F.3d 619, 637 (10th Cir.1998). The legislative history associated with the hanging paragraph shows clearly that Congress intended the paragraph to apply to CDP hearing requests. The hanging paragraph was added to "include[ ] tolling provisions to adjust for the collection due process rights by provided by the Internal Revenue Service Restructuring and Reform Act of 1998." Public Law 109–8, 119 Stat. 126 (2005).

*Id.*

After reviewing Congressional intent behind § 507(a)(8)'s flush language, the bankruptcy court held that "Congress intended to toll the three-year lookback period if a taxpayer filed a CDP hearing request and later filed for bankruptcy relief." *Id.*

Here, Debtors-Appellants take issue with the bankruptcy court's reliance on *Console* and *In re Lastra*. Specifically, Debtors-Appellants strongly take issue with the *In re Lastra* court's conclusion that § 507(a)(8)'s flush language is ambiguous. As previously stated, the flush language at issue is as follows: "a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax." § 507(a)(8). The Debtors-Appellants contend that the above language is not ambiguous and interpret it to mean that the IRS is only prohibited under applicable non-bankruptcy law from collecting a tax if there is a complete prohibition on *all* collection activity. Section 6330 and regulation prohibit a levy

to collect a tax if a taxpayer has requested a collection due process hearing but it does not prohibit other means of collection (*e.g.* offsetting overpayments from other periods). Therefore, Debtors-Appellants contend that § 507(a)(8)'s tolling provision does not apply in the present case because the IRS was not completely prohibited from collecting tax obligations during the pendency of Debtor-Appellant's CDP matter.

The IRS contends that the plain meaning of the statutory text of § 507(a)(8) and § 6630 support its position that the tolling provision does not require a prohibition on *all* collection activity. The statutory text of § 507(a)(8) does not state that the IRS must be prohibited from using *all* methods of tax collection for the provision to apply. Rather, the IRS is prohibited under § 6630(e) from collecting a tax through levy which satisfies § 507(a)(8) because § 6630(e) is a non-bankruptcy law prohibiting the collection of a tax.

The parties have provided two interpretations of the phrase "a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax." Therefore, it necessary to determine whether the flush language of § 507(a)(8) is ambiguous.

**The term "prohibited" contained within 11 U.S.C. § 507(a)(8)'s flush language is ambiguous.**

It is well settled that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)

(internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in turn quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

Debtors-Appellants argue that "As is clearly evident in the construction of this statutory provision, only a prohibition on collection efforts will trigger the suspension of the look back period. The term "prohibit" is defined by Black's Law Dictionary as: "(1) to forbid by law; (2) to prevent, preclude, or severely hinder." *Black's Law Dictionary* (10th ed. 2014)." (Adv. Case, Doc. 9). Debtors-Appellants further argue that:

> There is no evidence on that on its face Congress intended to forbid, prevent, preclude or even severely hinder the IRS' collection efforts during the CDP investigation under this Code provision. While, inarguably, the IRS may not have been permitted to levy upon the Tenholders' property during the CDP investigative period, it was undoubtedly authorized to proceed with other forms of collection. *See* 26 C.F.R. § 301.6330-1(g)(2). Accordingly, the *In re Lastra* court's blanket conclusion that the CDP is a collection mechanism that fits within this tolling provision was not well-founded, it is not binding precedent, and its holding should not be applied in the instant case.

(Adv. Case, Doc. 9).

The Court disagrees with Debtors-Appellants previous contentions for several reasons. First, as defined by Black's Law Dictionary, the term "prohibited" can mean forbid, prevent, preclude, *or* severely hinder. On its face, § 6330 clearly prohibits a levy to collect a tax if a taxpayer has requested a CDP hearing. Next, levying is one of the IRS' primary forms of collection activity because it is a

method to legally seize a taxpayer's property.[5] By prohibiting all levying during the pendency of a CDP matter, it is reasonable to interpret § 6330 as severely hindering the IRS' ability to collect a tax as it relates to § 507(a)(8). Finally, it would lead to an absurd result for the term "prohibited," as used in § 507(a)(8), to mean both forbidding, precluding, preventing all collection activity *and* severely hindering collection activity; it is one or the other based on Black's Law Dictionary definition of "prohibited." However, it is unclear on the face of § 507(a)(8) how Congress intended to use the term "prohibited." Therefore, both parties' interpretations of the flush language are reasonable, and the Court holds that the flush language of § 507(a)(8) is ambiguous.

Having found the flush language to be ambiguous, the Court should examine the legislative history to determine and give effect to Congress' intent behind the term "prohibited." As the *In re Lastra* court found, the legislative history associated with the flush language shows that Congress intended the language to apply to CDP matters. *See* H.R. REP. 109-31(I), 101, 2005 U.S.C.C.A.N. 88, 165 ("It also includes tolling provisions to adjust for the collection due process rights provided by the Internal Revenue Service Restructuring and Reform Act of 1998."). Therefore, the bankruptcy court did not err in granting summary judgment in favor of the IRS on the basis that as a matter of law the Debtors-Appellants' 2011 income tax is non-dischargeable. The IRS' inability to collect the tax by levy during the pendency of the CDP hearing was sufficient to toll the three-year lookback period of § 507(a)(8).

---

[5] *See The IRS Collection Process*, I.R.S. Pub. 594 (2018), https://www.irs.gov/pub/irs-pdf/p594.pdf.

As a practical matter, the interaction between § 507(a)(8) and § 6630(e) makes sense because it reasonably balances the interests for both the taxpayer and the IRS. Once a taxpayer files a CDP request regarding a specific tax obligation, they receive a benefit under § 6630(e) because during the pendency of the CDP matter the IRS is prohibited from collecting by levy the tax obligation at issue. It is reasonable then for § 507(a)(8) to toll the three-year lookback window during the time the IRS is prevented from using one of its primary forms of collection methods to legally seize a taxpayer's property.

### V. Conclusion

Accordingly, the bankruptcy court's Order granting in favor of the IRS and against the Debtors-Appellants in the parties' cross-motions for summary judgment is **AFFIRMED**.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.17 11:00:03
-05'00'

**United States District Judge**